UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES R. PENNY,

    Plaintiff,

v.

MIKE BROWN,

    Defendant.

Case No. 20-10359
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [11]**

James R. Penny is serving a life sentence for second-degree murder in connection with the 1992 stabbing death of his girlfriend. He seeks relief from the Court's 2020 order (ECF No. 5) transferring his 28 U.S.C. § 2254 habeas petition to the Sixth Circuit as a second or successive petition. For the reasons below, the Court DENIES Penny's motion (ECF No. 11).

**I.**

In 1996, Penny filed his first habeas corpus petition in this Court. *See Penny v. Burke*, No. 96-10442 (E.D. Mich. filed Dec. 11, 1996). Judge Robert H. Cleland denied that petition on the merits in 1997. *Penny*, No. 96-10442, ECF No. 18; *see also Penny*, No. 96-10442, ECF No. 29 (denying certificate of appealability); *Penny v. Burke*, No. 97-2213 (6th Cir. June 3, 1998), ECF No. 11 (same). The Sixth Circuit later denied Penny's 2002, 2003, and 2011 motions to file successive habeas petitions. *In re Penny*, No. 02-1416 (6th Cir. Nov. 1, 2002), ECF No. 15; *In re Penny*, No. 03-

1933 (6th Cir. Dec. 1, 2003), ECF No. 7; *In re Penny*, No. 10-1230 (6th Cir. Jan. 19, 2011), ECF No. 28.

In 2020, Penny filed another § 2254 petition (ECF No. 1), which this Court transferred to the Sixth Circuit pursuant to 28 U.S.C. § 1631 for determination of whether it was a second or successive petition within the meaning of 28 U.S.C. § 2244(b) (ECF No. 5). (*See id.* at PageID.34–35 ("Penny could have raised his current claims in his previous petition. The earlier habeas petition was dismissed on the merits. Therefore, the current petition is 'second or successive' to the 1996 petition and Penny was required to seek preauthorization from the Court of Appeals before filing the petition here, which he did not do.").) The Sixth Circuit in turn denied Penny's motion for authorization to file a second or successive habeas petition, concluding that the petition "d[id] not rely on a new rule of constitutional law" and that Penny's actual innocence claim was based on facts known to Penny at the time of his trial.[1] *In re Penny*, No. 21-1122 (6th Cir. Aug. 24, 2021), ECF No. 10, PageID.2; *see* 28 U.S.C. § 2244(b)(2) (providing the bases on which a petitioner may be granted permission to file a second or successive habeas petition).

Penny now seeks relief from the Court's transfer order on the ground that the Court failed to decide his actual innocence claim. (ECF No. 11.) Although Penny titles the motion "Motion for Reconsideration," the Court construes it as a motion for relief

---

[1] Penny's assertion of actual innocence was based on a claim of self-defense. Penny asserted "that the victim attacked him in his home by throwing wine bottles at him, that they fought, and that he stabbed her to death while defending himself." *In re Penny*, No. 21-1122 (6th Cir. Aug. 24, 2021), ECF No. 10, PageID.2.

2

from judgment under Federal Rule of Civil Procedure 60(b). Indeed, Penny cites Rule 60(b) throughout. And this Court's local rules provide that "[p]arties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)," rather than a motion for reconsideration under Local Rule 7.1(h). E.D. Mich. LR 7.1(h)(1).

Penny "must overcome two procedural hurdles: (1) his Rule 60(b) motion must not be a second or successive *habeas* petition prohibited by AEDPA and (2) he must satisfy the requirements of Rule 60(b)." *Mitchell v. Rees*, 261 F. App'x 825, 828 (6th Cir. 2008). He fails at the second requirement.

## A.

When a habeas petitioner files a Rule 60(b) motion, the "threshold inquiry is whether [the petitioner's] Rule 60(b) motion is a 'true' Rule 60(b) motion or simply a 'second or successive' habeas application cloaked in Rule 60(b) garb." *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)). This threshold inquiry is necessary because the Court may not adjudicate the merits of a second or successive habeas petition without prior authorization from the Sixth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *Franklin*, 839 F.3d at 475 ("[D]istrict courts lack jurisdiction to consider 'second or successive' habeas applications without prior authorization from the appropriate Court of Appeals . . . .").

3

A filing otherwise styled as a Rule 60(b) motion is treated as a successive habeas petition within the meaning of 28 U.S.C. § 2244(b) if it "challenges the same conviction challenged in a prior petition and the prior petition was decided on the merits." (ECF No. 5, PageID.34 (citing *In re Garner*, 612 F.3d 533, 535 (6th Cir. 2010))); *Gonzalez*, 545 U.S. at 538 ("[A] Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or reassert, claims of error in the movant's state conviction."). In contrast, a "true" Rule 60(b) motion "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532; *see Mitchell*, 261 F. App'x at 829 (explaining that a movant has filed a proper Rule 60(b) motion, rather than successive habeas petition, if he "assert[s] that a previous ruling which precluded a merits determination was in error—for example, a denial [of a habeas petition] for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar"). Put another way, a petitioner has filed a "true" Rule 60(b) motion "[w]hen no 'claim' is presented," and "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction." *Gonzalez*, 545 U.S. at 533.

Penny's argument that the Court failed to consider his actual innocence claim constitutes a "true" 60(b) claim because it attacks the integrity of the federal habeas proceedings. *See Jackson v. Lafler*, No. 07-11808, 2013 WL 450935, at *1 (E.D. Mich. Feb. 6, 2013) ("Petitioner's allegation that this Court failed to consider one or more of his claims would constitute a 'true' 60(b) claim that attacks the integrity of the habeas

4

proceedings and would not be considered a successive habeas petition."); *see also Tyler v. Anderson*, 749 F.3d 499, 508 (6th Cir. 2014) (assuming without deciding that movant's argument that the district court failed to consider his habeas claim was a true Rule 60(b) motion). The motion, therefore, is not subject to the jurisdictional bar of § 2244(b).

**B.**

"Although [Penny's] Rule 60(b) motion does not constitute a second or successive habeas petition, . . . he still must satisfy the requirements and limitations of Rule 60(b) to prevail." *Mitchell*, 261 F. App'x at 829. He faces a high bar in doing so. *See, e.g.*, *G.G. Marck & Assocs. v. N. Am. Invs., Corp.*, 465 F. App'x 515, 517 (6th Cir. 2012) ("[Sixth Circuit] case law sets a high bar for granting relief under Rule 60(b)."); *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502–03 (6th Cir. 2000) ("Relief from a final judgment under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'"); *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) ("[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence.").

Relevant here, Rule 60(b)(1) allows a district court to grant relief from a final judgment based upon a "mistake," which includes "any type of mistake or error on the part of the court." *Barrier v. Beaver*, 712 F.2d 231, 234 (6th Cir. 1983). Penny alleges that the Court made a mistake by failing to decide one of his claims. *See, e.g.*,

5

*Justus v. Clarke*, 78 F.4th 97, 109 (4th Cir. 2023) (holding that a motion under Rule 60(b)(1) is appropriate where a party claims a court overlooked a material argument).

But a Rule 60(b)(1) motion must be filed "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1); *see In re G.A.D., Inc.*, 340 F.3d 331, 334 (6th Cir. 2003) ("Regardless of circumstances, no court can consider a motion brought under Rule 60(b)(1), (2), or (3) a year after judgment."). Here, over five years passed between the time the Court transferred Penny's successive petition to the Sixth Circuit and the filing of his pending motion, and nearly four years have passed since the Sixth Circuit denied authorization for Penny to proceed with that successive petition. Thus, Penny's motion seeking relief under Rule 60(b)(1) is time-barred.

Further, to the extent that the judgment from which Penny seeks relief is the Sixth Circuit's decision denying him authorization to file a second or successive petition, this Court may not review or reverse a decision of the Sixth Circuit. *See Hargrave-Thomas v. Yukins*, 450 F. Supp. 2d 711, 720 (E.D. Mich. 2006) ("This Court, as an inferior court, is plainly subject to the review of the Court of Appeals for the Sixth Circuit. As such, by its very nature, this Court has no authority to reconsider the judgment of an appellate court. Restated, the very essence of the relationship between this Court and the Court of Appeals for the Sixth Circuit precludes this Court from altering any decision made by the Court of Appeals." (citing 28 U.S.C. § 1291)). A district court also lacks the authority to reinstate a petitioner's second or successive habeas petition after the Court of Appeals declines to grant leave to file such a petition. *See, e.g., White v. Carter*, 27 F. App'x 312, 313–14 (6th Cir. 2001).

## II.

Accordingly, Penny's motion for reconsideration (ECF No. 11) is DENIED.

SO ORDERED.

Dated: August 12, 2025

                                                  s/Laurie J. Michelson
                                                  LAURIE J. MICHELSON
                                                  UNITED STATES DISTRICT JUDGE